UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREE AMERICAN INSURANCE COMPANY OF NEW YORK, et al.,<br><br>                Plaintiffs,<br><br>vs.<br><br>VEGAS CONSTRUCTION COMPANY, INC., et al.,<br><br>                Defendants. | Case No. 2:06-cv-00911-BES-PAL<br><br>**ORDER**<br><br>(M/Strike - #44)<br>(M/Strike - #53) |

      Before the court is a Motion to Strike Plaintiffs' Expert Witness (#44) filed by defendant/counterclaimant Vegas Construction Company, d/b/a Distinctive Homes and Distinctive Homes Development Corporation ("Distinctive Homes"). Plaintiff Great American Insurance Company of New York ("Great American") filed an Opposition (#49), and Distinctive Homes filed a Reply (#59). Also before the court is Great American's Motion to Strike Defendants' Rebuttal Expert Witness Designation and Report, and to Preclude Lane Swainston from Testifying at Trial or in Dispositive-Motion Proceedings (#53), which is supported by the Declaration of Ryan Loosvelt (#54). Distinctive Homes filed an Opposition (#57) and Great American filed a Reply (#58). The court granted the parties' stipulated request (#55) for an order shortening time (#56) for consideration of the merits of both motions and conducted a hearing July 31, 2007. (See Notice, #48.) At the hearing, Distinctive Homes was represented by Brian Bradford and Robert Martin, and Great American was represented by Ryan Loosvelt.

/ / /

/ / /

## BACKGROUND

The subject-matter of this litigation is well known to the court and was summarized in a prior Order (#46), and will not be reiterated. In that same prior order, the court denied Distinctive Homes' request for an extension of time to provide an expert report. The court found that Distinctive Homes' request for an extension of time was untimely and not supported by a showing of good cause as it had not engaged in any discovery that would provide the information deemed appropriate to the proposed expert. Under those circumstances, the court found that the defendants failed to meet their burden of establishing their failure to comply with Federal Rule of Civil Procedure 26 was either substantially justified or harmless.

The parties' present dueling motions seek to strike each others' proposed expert and rebuttal expert witnesses. Distinctive Homes' motion seeks an order precluding the testimony and expert report of Great American's proposed expert, Kevin Marler ("Marler") on the basis that Marler's report does not comply with the requirements of Rule 26(a)(2)(B). Specifically, it contends that Marler's report is not a report at all, but simply a spreadsheet that fails to state any opinions or provide the bases and reasons for any opinions. In addition, the report fails to identify a single document or other piece of evidence Marler considered in the creation of the spreadsheet that would allow Distinctive Homes' rebuttal expert to form any rebuttal opinions. Finally, Distinctive Homes argues that Marler failed to sign his report.

Great American responds that Distinctive Homes' motion is a "last ditch" attempt to "even the playing field" after Distinctive Homes' own expert was precluded from testifying by virtue of the court's order denying an extension of time to designate its expert witness. Great American contends that Distinctive Homes' motion is untimely as Rule 12(f) requires motions to strike to be filed within 20 days of receipt of a pleading to which no response is either allowed or required. Great American points out it timely designated its expert witness on May 31, 2007, but Distinctive Homes waited until June 29, 2007 to file the instant motion. Furthermore, Distinctive Homes failed to meet and confer prior to filing the motion to strike. In addition, Great American contends that Distinctive Homes has waived its

///
///

1  right to challenge Marler's expert report because it already unsuccessfully sought the report's
2  preclusion in its reply brief to the motion to extend time on the basis that the spreadsheet had been used
3  in prior litigation.  Under Rule 12(g), objections under Rule 12(b) are consolidated, and cannot be
4  raised multiple times in successive motions.  Finally, Great American asserts that Marler's report is
5  presented in spreadsheet format because the subject matter of a construction defect case such as this one
6  is best understood in a spreadsheet format, rather than in the standard narrative.  It contends that the
7  contents of the spreadsheet contain all of Marler's opinions and citations to documents within
8  Distinctive Homes' possession on which Marler relied in reaching those opinions.  Great American
9  points out that Distinctive Homes' rebuttal expert must have been able to understand the information in
10 the spreadsheet because he was able to write a rebuttal report.  It further contends that Marler's failure
11 to sign his report is harmless, and that any deficiencies have now been corrected in his affidavit which
12 is attached to its opposition.
13        In its own motion to strike, Great American seeks to strike Distinctive Homes' designated
14 rebuttal expert, Lane Swainston ("Swainston").  Great American argues that Swainston's rebuttal
15 testimony and report exceeds the scope of rebuttal expert witness testimony, and that Distinctive Homes
16 is attempting to circumvent the court's prior June 28, 2007 Order (#46) precluding it from calling
17 Swainston as an expert witness.  In response, Distinctive Homes argues that Swainston's rebuttal report
18 necessarily exceeds the scope of Marler's expert report because Marler's report does not contain any
19 opinions that can be rebutted.  It argues that Great American's failure to submit a proper expert report
20 cannot form the basis for striking Swainston's rebuttal report.

21                                            **DISCUSSION**

22 **I.     Distinctive Homes' Motion to Strike**

23        The court begins with Great American's procedural defenses to Distinctive Homes' challenge to
24 the content of Marler's report.  Great American contends that Distinctive Homes' motion to strike is
25 untimely under Rule 12(f), waived under Rule 12(g) and that Distinctive Homes failed to meet and
26 confer prior to filing the motion in violation of the Local Rules of Practice.  Great American's citations
27 / / /
28 / / /

1  to Rules 12(f) and (g) are inapposite as those rules govern pleadings, not motions or other filed papers
2  or discovery materials. Rule 7 defines a pleading as:
3        a complaint and an answer; a reply to a counterclaim denominated as
4        such; an answer to a cross-claim, if the answer contains a cross-claim; a
5        third-party complaint, if a person who was not an original party is
6        summoned under the provisions of Rule 14; and a third-party answer, if a
7        third-party complaint is served.
8  Fed. R. Civ. P. 7(a). Thus, the court rejects plaintiffs' argument defendants were required to file a
9  motion to strike Marler's expert report within twenty days after service. The court is also not persuaded
10 by plaintiffs' argument that the motion to strike is untimely because defendants only filed the motion
11 after plaintiffs' motion to strike defendants' expert was granted. Counsel for defendants may have been
12 willing to overlook plaintiffs' failure to meet all of the requirements of Rule 26(a)(2)(B) in an effort to
13 work out an amicable resolution. However, once plaintiffs sought to strike defendants' expert, the court
14 fully understands defense counsels' need to protect their clients and the record by responding in kind.
15 The court will, therefore, address the merits of defendants' argument that the report fails to comply with
16 the requirements of Rule 26(a)(2)(B).
17       Rule 26 requires, in pertinent part, that expert reports "contain a complete statement of all
18 opinions to be expressed and the basis and reasons therefor; the data or other information considered by
19 the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions
20 . . . ." Fed. R. Civ. P. 26(a)(2)(B). "A complete report must include the substance of the testimony
21 which an expert is expected to give on direct examination together with the reasons therefor." Finwall
22 v. City of Chicago, 239 F.R.D. 494, 501 (N.D. Ill. 2006) (citing Salgado by Salgado v. General Motors
23 Corp., 150 F.3d 735, 742 n.6 (7th Cir. 1998)). "It must not be sketchy, vague or preliminary in nature."
24 Id. (internal quotations removed). "Expert reports must include 'how' and 'why' the expert reached a
25 particular result, not merely the expert's conclusory opinions . . . [because] . . . an expert who supplies
26 only an ultimate conclusion with no analysis supplies nothing of value to the judicial process." Id.
27 (citing Minasian v. Standard Chartered Bank, PLC, 109 F.3d 1212, 1216 (7th Cir. 1997)). In addition,
28 as Judge Cardozo explained: "[a]n opinion has a significance proportioned to the sources that sustain

it." Petrogradsky Mejdunarodny Kommerchesky Bank v. National City Bank, 253 N.Y. 23, 25, 170 N.E. 479, 483 (1930). Thus, "an expert's report that does nothing to substantiate this opinion is worthless, and therefore inadmissible." Miniasian, 109 F.3d at 1216.

Marler's expert report consists of a multipage spreadsheet entitled "Exposure Analysis." (See Pl.'s Ex. A to Marler Aff., Ex. B/Ex. 2 to Opp.[1]) The columns running across the top of the spreadsheet list "Issue," "Description," "Notes," "Plaintiff Analysis," "Defense Analysis," "No Resultant Damage," "Resultant Damage," "Access for Resultant Damage" and "Work Performed by DH/NSS." The rows running along the side mark issues using consecutive numbers and sub-issues with letters. The "Description" column appears to describe the alleged construction defect, and the "Notes" indicate whether the problem was repaired and reference other "Issues" and unidentified "CORE" documents. The only other text within the spreadsheet consists of percentages and dollar amounts. Great American insists that this combination of text and figures represents Marler's opinions and the documents which support those opinions. If Mr. Marler's opinions were limited to the cost of repairs for the defects listed on the spreadsheet, Great American's arguments would be more persuasive. However, it is clear that Great American intends to offer additional expert testimony through Mr. Marler.

Great American's expert disclosure statement indicated that Mr. Marler was expected to testify concerning his opinion "regarding whether, and to what extent, there was 'resultant damage,' *i.e.,* 'property damage,' in the underlying action." (Motion (#44), Ex. B.) The disclosure statement also indicated Mr. Marler is expected to testify "on the issue of the extent of the work performed by Distinctive Homes or a related entity such as Nevada Shelter Systems." (Id.) Great American's opposition to the motion argues Mr. Marler's expert opinions regarding which alleged defects resulted in property damage and the extent of work Distinctive Homes performs are contained in the spreadsheets. (Opposition (#49), p. 7.) The opposition continues to explain that Mr. Marler will testify on how much work Distinctive Homes performed on the development project and "the extent that the alleged defects did not cause 'property damage,' since neither category is covered by the Great

---

[1] The exhibits attached to Great American's Opposition are somewhat confusingly marked as "Exhibit A," "Exhibit 2" and "Exhibit B". Within the court's CM/ECF system, the Marler report begins on page 5 of docket #51.

American insurance policies." (Id.)  Thus, it is clear that Great American intends to offer opinions that go well beyond a summarization in spreadsheet format of the cost of repairs for the defects listed.  The spreadsheets do not, however, articulate Mr. Marler's opinions or provide any rationale or analysis to support them.  The court cannot determine from reviewing the spreadsheets what Mr. Marler's opinions are, how he arrived at them, or what documents or other evidence he relies upon to support his opinions.  The spreadsheets do not indicate the substance of Marler's anticipated testimony and are the kind of conclusory expert reports courts have repeatedly found unacceptable for purposes of Rule 26.  In short, the court finds the report fails to comply with the requirements of Fed. R. Civ. P. 26(a)(2)(B).

Turning now to sanctions for the deficient expert report, the court notes that "the preclusion of a witness is an extraordinary sanction." Exxon Corp. v. Halcon Shipping Co., Ltd., 156 F.R.D. 586, 588 (D. N.J. 1994).  "This is so because a trial is intended to be a search for the truth, and the finder of fact should have the benefit of all testimony which may bear upon the issues being litigated." Id.  On the other hand, a literal reading of Rule 37(a)(3) and (c)(1) compels the conclusion that an expert's trial testimony should be automatically excluded if a party fails to strictly comply with the requirements of Rule 26(a)(2)(B) unless the court finds that there was a substantial justification for the failure to make complete disclosure, or that the failure to disclose is harmless. Elgas v. Colorado Belle Corp., 179 F.R.D. 296 (D. Nev. 1998), citing, Sullivan v. Glock, Inc., 175 F.R.D. 497, 503 (D. Md. 1997).  In the Ninth Circuit, "[t]he district court is given broad discretion in supervising the pretrial phase of litigation . . . ." Continental Lab., 195 F.R.D. at 677, quoting, Miller v. Safeco Title Ins. Co., 758 F.2d 364, 369 (9th Cir. 1985).  If full compliance with Rule 26(a) is not made, Rule 37(c)(1) mandates some sanction, "the degree and severity of which are within the discretion of the trial judge." Keener v. United States, 181 F.R.D. 639, 641 (D. Mont. 1998).

In this case, the parties requested, and received an extension of time to conduct a Rule 26(f) conference, and the court granted the parties' request to stay discovery on the bad faith counterclaim which is the subject of a pending motion to dismiss.  (See Order (#24).)  The court gave the parties a discovery cutoff 180 days from the status hearing conducted February 6, 2007 and a May 31, 2007 deadline to disclose experts.  As the Ninth Circuit has recognized, courts enter scheduling orders "to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be

allowed to enforce them, unless there are good reasons not to." Wong v. Regents of University of California, 410 F.3d 1052, 1062 (9th Cir. 2005).  When a party fails to provide the disclosures required by Rule 26(a)(2) in accordance with the court's scheduling order, "[d]isruption to the schedule of the court and other parties in that manner is not harmless." Id.  The court excluded defendants' expert because counsel for defendants had not initiated discovery needed by the expert to formulate his opinions and/or prepare a report in a timely manner.  The court will, therefore exercise its discretion to exclude Mr. Marler as an expert witness in this case.

**II.     Great American's Motion to Strike**

Rule 26(a)(2)(C) defines rebuttal testimony as "evidence [that] is intended solely to contradict or rebut evidence on the same subject matter identified by another party" and requires that rebuttal witnesses be disclosed within thirty days after the parties disclose their witnesses.  Inasmuch as the court has excluded Mr. Marler as an expert in this case, there is no expert testimony to rebut, and the motion to strike Lane Swainston as a rebuttal expert is, therefore, moot.  The court having previously stricken Mr. Swainston as defendants' expert for defendants' failure to comply with the requirements of Rule 26(a)(2)(B), Mr. Swainston will not be permitted to testify at trial.

Having reviewed and considered the matter,

**IT IS ORDERED:**

1. Distinctive Homes' Motion to Strike Plaintiffs' Expert Witness (#44) is GRANTED. Kevin Marler's expert report is stricken, and he is precluded from testifying in this matter as an expert.
2. Great American's Motion to Strike Defendants' Rebuttal Expert Witness Designation and Report, and to Preclude Lane Swainston from Testifying at Trial or in Dispositive-Motion Proceedings (#53) is DENIED as moot.

Dated this 15th day of August, 2007.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE