1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

GREAT AMERICAN INSURANCE COMPANY )
OF NEW YORK, et al., )
                                )        Case No. 2:06-cv-00911-BES-PAL
                )
              Plaintiffs, )               **ORDER**
                )
vs.                               )      (M/Sanctions and Compel - #92)
                )
VEGAS CONSTRUCTION COMPANY, )
INC, et al., )
                )
                )
            Defendants. )
_____ )

      Before the court is plaintiffs' ("Great American") Motion for Sanctions and to Compel (#92)
filed October 25, 2007.  The court has considered the motion (#92), Loosvelt's Declaration (#93) in
support of the motion, Distinctive Homes' opposition (#102), and plaintiffs' Reply (#104).

**BACKGROUND**

      This is an action brought by Great American to recover a portion of settlement proceeds paid by
Great American to settle a lawsuit against Distinctive Homes in an underlying construction defect case.
Great American filed this declaratory relief action seeking a judgment that a portion of the settlement
proceeds it paid to settle the underlying litigation was for damages not covered under its policies.
Specifically, Great American asserts some of the defects or damages alleged in the underlying action
which it paid to settle (1) do not constitute "property damage" within the meaning of the policies;
and/or (2) are excluded from coverage by the "Your Work" exclusion in the policies.  In the underlying
action (the "Villa Pacifica" litigation), Great American and other insurers of Distinctive Homes retained
the law firm of Lee & Russell to defend the insured against construction defect claims brought by the
Villa Pacifica Homeowners Association and homeowners.

On June 18, 2007, Great American served Distinctive Homes with a Notice of Deposition (#92 at Exh. "1") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, setting the deposition for July 24, 2007.  The notice contained 23 subjects of examination mostly related to the work Distinctive Homes performed on the Villa Pacifica construction project, its participation in settlement negotiations and payments in the Villa Pacifica case, and its discovery responses in the instant case. Distinctive Homes did not object to or seek a protective order regarding any of the examination topics. Distinctive Homes informed Great American that its 30(b)(6) representative, Anthony Musso, was out of the country during the discovery period, which ended on July 30, 2007.  The parties therefore agreed to depose Musso on September 19, 2007.

In its motion (#92), Great American claims Musso was completely unprepared to testify at his deposition.  According to Great American, Musso admitted on the record that he had done nothing to prepare for the deposition and had not even read the subjects of deposition contained in the notice. Counsel for Distinctive Homes Robert Martin stated at the deposition that the company's only obligation was to designate and produce a 30(b)(6) representative, which it had done.  Great American asserts Musso was unable to recall many of the documents Distinctive Homes had produced relating to the topics of examination or testify about 16 of the topics.  Great American offered to postpone the deposition to allow Distinctive Homes to designate a different 30(b)(6) witness, but the offer was rejected.  Counsel for the parties met and conferred by telephone following the deposition, but Distinctive Homes refused to produce another 30(b)(6) witness or pay Great American's expenses incurred in deposing Musso even though counsel for Distinctive Homes acknowledged it had a duty to prepare its representative for the deposition.  Great American now seeks monetary sanctions equivalent to its reasonable expenses incurred in preparing for and conducting Musso's deposition and bringing this motion.  Great American also requests an order precluding Distinctive Homes from offering evidence at trial on the subjects of examination Musso could not testify upon, including the scope of work Distinctive Homes d/b/a Nevada Shelter did or did not perform on the construction project.

In response (#102), Distinctive Homes asserts Great American has failed to produce discovery concerning how it allocated $135,000 of the $540,000 it paid to settle the Villa Pacifica lawsuit as non-covered items of damages.  Great American's Rule 30(b)(6) designee, Glenn Isom, reportedly testified

2

1   that no one at Great American had ever calculated the damages plaintiffs seek to recover in this lawsuit,

2   and was unable to testify about the factual bases for the damages alleged in this case.  Distinctive

3   Homes accuses Great American of trying to divert attention from its "wholesale lack of evidence

4   regarding its damages" by waging "a war of attrition against its insured."

5          Distinctive Homes also argues Musso adequately prepared for the deposition by discussing the

6   scope of the deposition with counsel prior to the deposition and reviewing the documents and discovery

7   responses Distinctive Homes produced during discovery.  Musso's preparation enabled him to provide

8   deposition testimony sufficient to bind Distinctive Homes.  Distinctive Homes argues that Musso

9   answered Great American's questions to the extent he could recall, and that his responses were

10  reasonable given the scope of the questioning about 168 townhouse units constructed over a decade

11  ago.  Counsel for Distinctive Homes also points out that he stipulated to the authenticity of the

12  documents placed in the document repository during the underlying litigation in writing prior to the

13  deposition, and confirmed that stipulation at the onset of Mr. Musso's deposition on the record.

14         Distinctive Homes argues that compelling a further 30(b)(6) deposition would not result in the

15  discovery of any additional information not already provided by Mr. Musso's testimony and Distinctive

16  Homes' written discovery responses.  Distinctive Homes contends that it met its obligation under Rule

17  30(b)(6) to produce a prepared designee for deposition because the rule only requires the corporation to

18  provide a witness concerning matters known or *reasonably available* to the corporation.  In this case,

19  nearly 100,000 documents were placed in the document repository in the underlying case and available

20  to all parties, including Great American.  Mr. Musso cannot be expected to recall the contents of these

21  100,000 documents, and Distinctive Homes affirmatively represents that it has no reason to dispute the

22  information contained in the documents themselves.  Thus, additional deposition testimony "would

23  only place Great American in the exact same position that it currently stands" and a further Rule

24  30(b)(6) deposition is, therefore, unnecessary.  The documents it produced are the most reliable source

25  of information regarding the work performed on the construction project.  Finally, Distinctive Homes

26  contends there is no factual dispute concerning Distinctive Homes' participation in settlement

27  conferences or contribution toward settlement and therefore no additional deposition is necessary on

28  this topic.  Distinctive Homes therefore argues sanctions are not warranted under the circumstances.

3

1    In reply, (#104) Great American argues Musso's admission that he had done nothing to prepare

2    for the deposition and his inability to offer testimony regarding any of the topics of examination are

3    evidence of his lack of preparation.  Great American claims Distinctive Homes still had the duty to

4    prepare Musso to testify on the topics of examination despite the fact that the documents Distinctive

5    Homes produced during discovery might contain this information.  Moreover, Distinctive Homes'

6    failure to address Great American's request for issue preclusion sanctions admits that such sanctions are

7    warranted.

8                                           **DISCUSSION**

9        **A.      Fed. R. Civ. P. 30(b)(6):**

10   Rule 30(b)(6)[1] of the Federal Rules of Civil Procedure provides, in pertinent part:

11           A  party may in the party's notice and in the subpoena may name as the
             deponent a public or private corporation or a partnership or association or
12           governmental agency and describe with reasonable particularity the
             matters on which examination is requested.  In that event, the
13           organization so named shall designate one or more officers, directors, or
             managing agents, or other persons who consent to testify on its behalf,
14           and may set forth, for each person designated, the matters on which the
             person will testify.

15           . . .

16
             The persons so designated shall testify as to the matters known or
17           reasonably available to the organization

18           . . .

19       The purpose of the rule is to streamline the discovery process.  Resolution Trust Corp. v.

20   Southern Union Co, Inc., 985 F.2d 196, 197 (5th Cir. 1993).  It serves a unique function in allowing for

21   a specialized form of deposition.  Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc., 236 F.R.D. 524,

22   527 (D. Kan. 2006).  The rule "gives the corporation being deposed more control by allowing it to

23   designate and prepare a witness to testify on the corporation's behalf."  U.S. v. Taylor, 166 F.R.D. 356,

24

25        ───────────────

26        [1]  Effective December 1, 2007, the language of Rule 30 was amended to make style and
     terminology changes consistent throughout the Federal Rules of Civil Procedure.  The deposition in
27   dispute here, in the motion to compel, was filed prior to the effective date of the amendments to the
     Rules of Civil procedure.  The portion of the Rule quoted in this order refers to the way it was worded
28   prior to the December 1, 2007, amendments.

                                                4

1   360 (M.D.N.C. 1996).  It is a discovery device employed by the examining party "to avoid the

2   'bandying' by corporations where individual officers disclaim knowledge of facts clearly known to the

3   corporation."  Id.  Or, as another district court articulated,

4          One of the purposes of Rule 30(b)(6) is to curb any temptation a
           corporation might have to shunt a discovering party from "pillar to post"
5          by presenting deponents who each disclaims knowledge of facts clearly
           known to someone in the organization.

6

7   Federal Deposit Ins. Corp. v. Butcher, 116 F.R.D. 196, 199 (E.D. Tenn. 1986).

8          Rule 30(b)(6) imposes burdens on both the discovering party and the designating party.  The

9   party seeking discovery through a Rule 30(b)(6) deposition is required to describe "with reasonable

10  particularity the matters on which examination is requested."  Fed. R. Civ. P. 30(b)(6).  Once served

11  with the deposition notice under Rule 30(b)(6), the responding party is required to produce one or more

12  witnesses knowledgeable about the subject matter of the noticed topics.  Marker v. Union Fidelity Life

13  Insurance Company, 125 F.R.D. 121, 126 (M.D.N.C. 1989).

14         The testimony of a Rule 30(b)(6) designee "represents the knowledge of the corporation, not of

15  the individual deponents."  U.S. v. Taylor, 166 F.R.D. at 361; Hyde v. Stanley Tools, 107 F. Supp. 2d

16  992 (E.D. La., 2000); Sprint Communications Co. v. The Globe.Com, Inc., 236 F.R.D. at 527.  A

17  Rule 30(b)(6) designee presents the corporation's position on the noticed topics.  United States v.

18  Massachusetts Indus. Finance Agency, 162 F.R.D. 410, 412 (D. Mass. 1995).  A corporation has a duty

19  under Rule 30(b)(6) to provide a witness who is knowledgeable in order to provide "binding answers on

20  behalf of the corporation".  Starlight International, Inc. v. Herlihy, 186 F.R.D. 626, 638 (D. Kan. 1999).

21  A Rule 30(b)(6) designee is not required to have personal knowledge on the designated subject matter.

22  Sprint Communications, 236 F.R.D. at 528; PPM Finance v. Norandal, 297 F. Supp. 2d 1072, 1085-86

23  (N.D. Ill., 2004); Calzaturficio v. Fabiano Shoe Co., Inc., 201 F.R.D. 33, 37 (D. Mass. 2001).

24         The designating party has a duty to designate more than one deponent if necessary to respond to

25  relevant areas of inquiry on the noticed topics.  Id.  Barron v. Caterpillar, Inc., 168 F.R.D. 175, 176

26  (E.D. Pa. 1996); Starlight International, Inc. v. Herlihy, 186 F.R.D. 627, 638 (D. Kan. 1999)

27  (corporation must produce "such number of persons as will satisfy the request"); In re: Vitamins

28  Antitrust Litigation, 216 F.R.D. 168, 172 (D.D.C. 2003); Securities & Exchange Comm'n v. Morelli,

1    143 F.R.D. 42, 45 (S.D.N.Y. 1992); <u>Reilly v. Natwest Markets Group, Inc.</u>, 181 F.3d 253, 268 (2d Cir.

2    1999).

3        Rule 30(b)(6) is not designed to be a memory contest. <u>Bank of New York v. Meridien BIAO</u>

4    <u>Bank Tanzania LTD</u>, 171 F.R.D. 135, 150 (S.D.N.Y. 1997).  However, a corporation has "a duty to

5    make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6)

6    depositions and to prepare them to fully and unevasively answer questions about the designated subject

7    matter." <u>Starlight International, Inc. v. Herlihy</u>, 186 F.R.D. at 639; <u>Dravo Corp. v. Liberty Mut. Ins.</u>

8    <u>Co.</u>, 164 F.R.D. 70, 75 (D. Neb. 1995) ("If the rule is to promote effective discovery regarding

9    corporations, the spokesperson must be informed."); <u>In re: Vitamins Antitrust Litigation</u>, 216 F.R.D.

10    at 172 (corporation is obligated to produce one or more Rule 30(b)(6) witnesses who are thoroughly

11    educated about the noticed deposition topics and facts known to the corporation or its counsel).

12        The duty to prepare a Rule 30(b)(6) designee goes beyond matters personally known to the

13    witness or to matters in which the designated witness was personally involved.  <u>Buycks-Roberson v.</u>

14    <u>City Bank Federal Sav. Bank</u>, 162 F.R.D. 338, 343 (N. D. Ill. 1995); <u>FCC v. Morelli</u>, 143 F.R.D. 42, 45

15    (S.D.N.Y. 1992).  The duty to produce a prepared witness on designated topics extends to matters not

16    only within the personal knowledge of the witness but on matters reasonably known by the responding

17    party.  <u>Alexander v. Federal Bureau of Investigation</u>, 186 F.R.D. 137, 141 (D.D.C. 1998).  "By its very

18    nature, a Rule 30(b)(6) deposition notice requires the responding party to prepare a designated

19    representative so that he or she can testify on matters not only within his or her personal knowledge, but

20    also on matters reasonably known by the responding entity." <u>Alliance v. District of Columbia</u>, 437 F.

21    Supp.2d 32, 37 (D.D.C. 2006), <u>citing</u> <u>Alexander</u>, <u>supra</u>, at 141.

22        The fact that an organization no longer has a person with knowledge on the designated topics

23    does not relieve the organization of the duty to prepare a Rule 30(b)(6) designee.  <u>Taylor</u>, 166 F.R.D. at

24    361.  There, the court recognized that it is not uncommon to find that a corporation no longer employs

25    individuals who have memory of distant events, or to find that individuals with knowledge are

26    deceased. <u>Id.</u>  "These problems do not relieve a corporation from preparing its Rule 30(b)(6) designee

27    to the extent matters are reasonably available, whether from documents, past employees, or other

28    sources." <u>Id.</u>  A party producing a Rule 30(b)(6) witness "must prepare deponents by having them

1   review prior fact witness deposition testimony as well as documents and deposition exhibits." Id. at

2   362.

3        The Federal Rules of Civil Procedure do not permit a party served with a Rule 30(b)(6)

4   deposition notice or subpoena request "to elect to supply the answers in a written response to an

5   interrogatory" in response to a Rule 30(b)(6) deposition notice or subpoena request. Marker v.

6   Union Fidelity Life Insurance, 125 F.R.D. 121, 126 (M.D.N.C. 1989). "Because of its nature, the

7   deposition process provides a means to obtain more complete information and is, therefore, favored."

8   Id. Similarly, in responding to a Rule 30(b)(6) notice or subpoena, a corporation may not take the

9   position that its documents state the company's position. In re: Vitamins Antitrust Litigation, 216

10  F.R.D. at 172, 174. There, the defendants produced a timeline of events relevant to the litigation based

11  on interviews of former employees and a review of accompanying documents and took the position at a

12  Rule 30(b)(6) deposition that because statements of former employees are imputed to the company by

13  operation of law, the timelines "spoke for themselves" and the corporation need not produce a Rule

14  30(b)(6) deponent to provide an explanation. The court rejected this argument, stating:

15               Bioproducts' objection rests on a misinterpretation of Rule 30(b)(6) and a
                 mistaken view that mere authentication of the documents submitted with
16               a corresponding disavowal of the truth or accuracy of the documents
                 is sufficient to satisfy the requirements of Rule 30(b)(6). . . . [there is]
17               nothing in the rules or caselaw that would justify [such an] understanding
                 of a sufficient Rule 30(b)(6) deposition.
18

19  Id. at 172.

20       Several courts have recognized that preparing a Rule 30(b)(6) designee may be an onerous task

21  and that it is not uncommon for a corporation to claim:

22               . . . that it no longer employs individuals who have memory of a distant
                 event or that such individuals are deceased. . . . These problems do not
23               relieve a corporation from preparing its Rule 30(b)(6) designee to the
                 extent matters are reasonably available, whether from documents, past
24               employees, or other sources.

25  Taylor, 166 F.R.D. at 360-61 (internal citations omitted). Although adequately preparing a Rule

26  30(b)(6) deposition can be burdensome, "this is merely the result of the concomitant obligation from

27  the privilege of being able to use the corporate form in order to conduct business." Id. at 362. Sprint,

28  236 F.R.D. at 528 (acknowledging compliance with Rule 30(b)(6) may be onerous but that the Rule's

1    requirements "negate any possibility that an inquiring party will be directed back and forth from one

2    corporate representative to another, vainly searching for a deponent who is able to provide a response

3    which would be binding on that corporation.")

4         Finally, if an organization designates a witness it believes in good faith would be able to provide

5    knowledgeable responsive testimony and it becomes apparent during the deposition that the designee

6    produced is unable to respond to relevant areas of inquiry, the responding party has a duty to designate

7    an additional knowledgeable deponent.  Marker, 125 F.R.D. at 126; Dravo Corp. v. Liberty Mut. Ins.

8    Co., 164 F.R.D. 70, 75 (D. Neb. 1995); Starlight, 186 F.R.D. at 638; Sony v. Soundview Technologies,

9    217 F.R.D. 104, 112 (D. Conn. 2002).

10                                        **ANALYSIS**

11        Applying these principles to the dispute in the case at bar, the court finds Distinctive Homes has

12   not complied with its obligations under Rule 30(b)(6) to produce one or more witnesses knowledgeable

13   about the subject matter of the noticed topics.  Initially, there is no dispute that Great American served a

14   Rule 30(b)(6) deposition notice describing the subject matters on which examination was requested

15   with reasonable particularity.  Distinctive Homes did not object to the deposition notice outlining

16   twenty-three subjects of examination, and did not seek a protective order regarding any of the

17   examination topics.  Distinctive Homes' opposition to the motion for sanctions and to compel does not

18   claim Great American failed to describe the matters on which examination was requested with

19   reasonable particularity.  Rather, Distinctive Homes asserts that Mr. Musso was properly designated as

20   a Rule 30(b)(6) designee because he was the most knowledgeable person available, and that he

21   answered questions to the extent he could recall.

22        The undersigned has reviewed the transcript of Mr. Musso's deposition and finds Distinctive

23   Homes failed to meet its obligation to make a conscientious, good faith effort to produce a thoroughly

24   educated witness about the noticed deposition topics and facts known to the corporation or its counsel.

25   Mr. Musso repeatedly testified that he did not know the details of Distinctive Homes' scope of work on

26   the Villa Pacifica project, that he was not familiar with the "paperwork" and that he was not familiar

27   enough with what happened on the project to be able to answer questions definitively.  When shown

28   documents in an effort to refresh his recollection, he often testified the paperwork did not refresh his

8

1    recollection.  During the course of the deposition as he was shown more documents, he was able to

2    provide slightly more information, but was clearly not able to provide complete, knowledgeable and

3    unevasive answers on the subjects of examination described in the Rule 30(b)(6) deposition notice.

4        In opposing this motion, Distinctive Homes claims Mr. Musso cannot address the majority of

5    the noticed deposition topics because of the passage of time since the Villa Pacifica project was built

6    and because all of the project's documents were turned over to defense counsel retained by the insured

7    to represent it, and placed in a common document repository in the underlying action.  Counsel for

8    Distinctive Homes took the position at Mr. Musso's deposition that the corporation's only obligation

9    was to provide a person most knowledgeable which Mr. Musso is "because there is no one else at

10   Distinctive Homes that is anywhere near as knowledgeable on the subject."  (Musso Transcript,

11   Exhibit "2" to Plaintiffs' Motion (#92), 13:23-14:9.)  When told by opposing counsel that the

12   corporation had a duty to prepare its witness, counsel for Distinctive Homes responded "[t]o the extent

13   that anyone has knowledge, Mr. Musso is that person." (Id. at 14:6-9.)  Counsel for Distinctive Homes

14   later acknowledged, in the meet and confer process, that its obligations were to produce an educated

15   witness, but still takes the position Mr. Musso's designation was reasonable because he provided

16   responses on the noticed topics on matters "reasonably available" to the corporation under the

17   circumstances.  The court flatly rejects these arguments.

18       Great American was entitled to the knowledge of the corporation and the corporation's position

19   on matters clearly relevant and discoverable in this case.  Distinctive Homes had a duty to present a

20   Rule 30(b)(6) witness to provide a knowledgeable witness to address the noticed topics, provide the

21   corporation's position, and provide answers to bind the corporation.  The fact that Distinctive Homes

22   may no longer employ a person with knowledge on the designated topics did not relieve it of the duty to

23   prepare a properly educated Rule 30(b)(6) designee.  As the court recognized in Taylor, supra, it is not

24   uncommon to find that a corporation no longer employs individuals who have memory of distant

25   events, or to find that individuals with knowledge are deceased.  166 F.R.D. at 361.  "These problems

26   do not relieve a corporation from preparing its Rule 30(b)(6) designee to the extent matters are

27   reasonably available, whether from documents, past employees, or other sources."  Id.

28   / / /

9

Similarly, the court rejects Distinctive Homes' arguments that stipulating to the authenticity of the documents placed in the document repository provided all of the discoverable information to which Great American is entitled, and stated the company's position.  Producing documents and responding to written discovery is not a substitute for providing a thoroughly educated Rule 30(b)(6) deponent.  As the cases cited in this order make clear, the two forms of discovery are not equivalent, In re: Vitamins, 216 F.R.D. at 174, and depositions provide a more complete means to obtain information and are, therefore, favored.  Marker, 125 F.R.D. at 126.  Distinctive Homes was required to educate an appropriate Rule 30(b)(6) designee to provide knowledgeable answers reasonably available to the corporation, which include information ascertainable from project files and documents in the repository, information from past employees, witness testimony and exhibits, or any other sources available to the corporation, including factual information learned through or from its counsel.  As the court in a recent decision noted:

> When a corporation produces an employee under Fed. R. Civ. P. 30(b)(6) to testify to corporate knowledge, the employee must provide responsive underlying factual information even though such information was transmitted through a firm's corporate lawyers.

Sprint Communications, supra, 236 F.R.D. at 529, citing Security Ins. Co. of Hartford v. Trustmark Ins. Co., 218 F.R.D. 29, 34 (D. Conn. 2003).  Facts communicated to an attorney are not protected by the attorney-client privilege.  Upjohn Co v. United States, 449 U.S. 383, 395-96 (1981).  "Moreover, clients cannot refuse to disclose facts which their attorneys conveyed to them and which the attorneys obtained from independent sources."  Sprint, citing, Hickman v. Taylor, 329 U.S. 495, 508 (1947).

In this case, Mr. Musso may have been the person best situated to testify concerning the Villa Pacifica project based on his position with and duration of his relationship with the company.  However, he was wholly unprepared to provide meaningful answers.  It is clear from a review of the transcript of his deposition, that very little time was spent educating Mr. Musso to provide full, complete and unevasive answers to the questions about these designated topics.  He testified that he had not even read the deposition notice in its entirety, had only spoken "briefly" with counsel, and had not done anything to prepare to answer questions on the noticed topics.  When it became apparent early in the deposition that Mr. Musso was unable to speak knowledgeably on behalf of the corporation on the

10

1   majority of the noticed topics, counsel for Great American offered to adjourn the deposition to permit

2   Distinctive Homes to produce an adequately prepared witness.  Counsel for Distinctive Homes declined

3   this overture, taking the position it had met its Rule 30(b)(6) obligations by merely designating a

4   witness to address the deposition topics.

5   　　　　When a party designates a witness it believes in good faith will be able to provide

6   knowledgeable answers and the witness is unable to do so, the designating party has a duty to substitute

7   another person once the deficiency of its Rule 30(b)(6) designee becomes apparent during the

8   deposition.  Marker, supra, at 126.  During the meet and confer process, counsel for Distinctive Homes

9   eventually acknowledged it had a duty under Rule 30(b)(6) to prepare its designated witness for the

10  deposition, but still takes the position Mr. Musso's testimony was adequate given the scope of the

11  questioning, the passage of time since the project was built, and the fact that the documents for the

12  project are the best evidence of what happened.  As the cases cited in this decision and order make

13  clear, this position is untenable.

14  　　　**B.**   **Sanctions**

15  　　　　Fed. R. Civ. P. 37(d) allows the court to impose various sanctions for a party's failure to comply

16  with Rule 30(b)(6).  "The Rule provides a panoply of sanctions, from the imposition of costs to entry of

17  default."  Taylor, 166 F.R.D. at 363; Resolution Trust Corp. v. Southern Union, 995 F.2d 196 at 197.  A

18  number of courts have held that the failure to produce a Rule 30(b)(6) designee who is adequately

19  educated and prepared to testify on designated topics to bind the corporation amounts to a

20  nonappearance which could warrant the imposition of sanctions.  Bank of New York, 171 F.R.D. at

21  151; Resolution Trust Corp., 985 F.2d at 197; Taylor, 166 F.R.D. at 363; Black Horse Lane Assoc. v.

22  Dow Chemical Corp., 228 F.3d 275, 303 (3d Cir. 2000).   In Resolution Trust, the Fifth Circuit held

23  that the district court did not abuse its discretion in awarding fees and costs under Rule 37(d) when the

24  corporation produced an unprepared Rule 30(b)(6) designee stating:

25  　　　　　　When a corporation or association designates a person to testify on its
　　　　　　　behalf, the corporation appears vicariously through the agent.  If that
26  　　　　　　agent is not knowledgeable about relevant facts, and the principal has
　　　　　　　failed to designate an available, knowledgeable, and readily identifiable
27  　　　　　　witness, then the appearance is, for all practical purposes, no appearance
　　　　　　　at all.

28  Id.

11

1    In Black Horse, the Third Circuit found that the purpose of Rule 30(b)(6) would be frustrated if

2    courts allowed a corporate party to produce a witness who is unable or unwilling to provide necessary

3    factual information and held that producing an unprepared witness is tantamount to a failure to appear,

4    and sanctionable under Rule 37(d).  The Court of Appeals observed that a Rule 30(b)(6) witness who is

5    unable to give useful information "is no more present for deposition than would be a deponent who

6    physically appears for the deposition but sleeps through it."  Id. at 304.

7    Courts have imposed a variety of sanctions for the failure to produce an adequately prepared

8    Rule 30(b)(6) deponent which include: (1) costs and attorneys' fees incurred in filing a motion to

9    compel,  In re: Vitamins, 216 F.R.D. at 175, Black Horse, 228 F.3d at 300, 304; (2) monetary sanctions

10   against the non-complying party and its counsel, In re: Vitamins, 216 F.R.D. at 175; (3) an order

11   compelling compliance with Rule 30(b)(6) and requiring an educated deponent to be produced, Foster-

12   Miller, Inc., v. Babcock & Wilcox Canada, 210 F.3d 1, 17 (also awarding costs and fees incurred in

13   bringing the motion to compel), Sony, 217 F.R.D. at 112, Alliance, 437 F. Supp. 2d at 38; (4) requiring

14   a corporation to redesignate an adequately prepared witness to testify in the new deposition at the

15   corporation's expense, F.D.I.C. v. Butcher, 116 F.R.D. at 202; Marker, 125 F.R.D. at 126-27.

16   In Reilly v. Natwest Markets Group, supra, the Second Circuit held that the district court did not

17   abuse its discretion in precluding two witnesses from testifying on subject matters for which a Rule

18   30(b)(6) designee was unable to provide knowledgeable and specific responses.  The court observed,

19   "[w]hen a party fails to comply with Rule 30(b)(6), Rule 37 allows courts to impose various sanctions,

20   including the preclusion of evidence."  181 F.R.D. at 268.  The Court of Appeals identified the factors

21   the court should consider before precluding witness testimony for violating Rule 30(b)(6):

22   (1) the party's explanation for the failure to comply with the discovery
     order; (2) the importance of the testimony of the precluded witness;
23   (3) the prejudice suffered by the opposing party as a result of having to
     prepare to meet the new testimony; and (4) the possibility of a
24   continuance.

25   Id. at 269.  The district court found that the defendant had not explained why the witnesses were not

26   available for deposition, the two witnesses whose testimony was precluded would have provided

27   cumulative testimony, the plaintiff would be prejudiced by not having an opportunity to depose the two

28   precluded witnesses, and that delaying the trial to allow the plaintiff to conduct a deposition was

12

1    unwarranted.  The Second Circuit, therefore, affirmed the trial court's preclusion order.  However,

2    sanctions that preclude a party from introducing evidence are typically reserved only for flagrant

3    discovery abuses.  Bank of New York, 171 F.R.D. at 151-52.

4         Distinctive Homes failed to meet its obligations under Rule 30(b)(6) when it produced Mr.

5    Musso who was wholly unprepared to testify on the majority of the noticed deposition topics.

6    Distinctive Homes had a duty to educate a witness to provide complete, knowledgeable and unevasive

7    answers to questions on the noticed topics, to state the corporation's position, and to provide binding

8    answers on behalf of the corporation.  The fact that Distinctive Homes may no longer employ

9    individuals who worked on the Villa Pacifica project, or who have memory of it does not relieve the

10   corporation of its obligation to prepare its Rule 30(b)(6) designee to the extent matters are reasonably

11   available to it.  The court finds Mr. Musso's inability to provide knowledgeable answers about the

12   majority of the noticed deposition topics was tantamount to a nonappearance, and warrants sanctions.

13   The court will award Great American reasonable costs and attorney's fees incurred in taking Mr.

14   Musso's deposition, and in filing this motion to compel and reply brief.  The court will also compel

15   Distinctive Homes to produce a thoroughly educated, knowledgeable Rule 30(b)(6) designee to address

16   the noticed topics as to any claims which survive the parties' pending motions for partial summary

17   judgment.

18        The court will deny, however, Great American's request for preclusion sanctions.  Under the

19   circumstances presented here, precluding Distinctive Homes from offering evidence at trial on the

20   subjects of examination Mr. Musso could not address, which include the scope of work Distinctive

21   Homes d/b/a Nevada Shelter did or did not perform on the construction project would be

22   disproportionate to the discovery violation.  Additionally, a trial is intended to be a search for the truth.

23   Precluding Distinctive Homes from offering evidence at trial on all of the noticed topics would not

24   advance the pursuit of truth in adjudicating this case on the merits.

25        For all of the foregoing reasons,

26        **IT IS ORDERED** that Great American's Motion for Sanctions and to Compel (#92) is

27   GRANTED in part and DENIED in part as follows:

28   / / /

13

1.  The motion is GRANTED to the extent the court will impose sanctions in the form of reasonable costs and attorney's fees incurred in preparing for and taking the deposition of Distinctive Homes' Rule 30(b)(6) designee, and reasonable costs and attorney's fees incurred in filing the motion to compel and reply.

2.  Distinctive Homes shall be compelled to produce one or more thoroughly educated, knowledgeable witness(es) able to answer questions, provide the corporation's position and bind the corporation on the noticed deposition topics as to any claims or counterclaims which survive the pending motions for partial summary judgment. Distinctive Homes shall produce one or more substitute Rule 30(b)(6) designee(s) to address the noticed topics as to any claims surviving the pending motions for partial summary judgment **no later than thirty days** after decision of the motions.

3.  Great American's request for issue preclusion sanctions and any other form of relief not specifically addressed in this order are DENIED.

4.  Counsel for plaintiffs shall, no later than 15 days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorneys' fees and costs incurred in bringing its motion.  The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the attorney(s) or staff member(s) customary fee for such work, and the experience, reputation and ability of the attorney performing the work.  The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

5.  Counsel for defendants shall have 15 days from service of the memorandum of costs and attorneys' fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

/ / /

/ / /

14

1      6.     Counsel for plaintiffs shall have 11 days from service of the responsive memorandum in

2      which to file a reply.

3    Dated this 24th day of March, 2008.

<br>

                                 _____

                                 PEGGY A. LEEN

                                 UNITED STATES MAGISTRATE JUDGE